# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 11-728V
March 29, 2013
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
DARRELL LINVILLE,                                       *
                                                       *
                              Petitioner,              *
                                                       *
         v.                                            *        No expert opinion; motion
                                                       *        for ruling on the record
                                                       *
SECRETARY OF HEALTH                                    *
AND HUMAN SERVICES,                                    *
                                                       *
                              Respondent.              *
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * **

Isaiah R. Kalinowski, Sarasota, FL, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.


**MILLMAN, Special Master**

## DECISION[1]

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 3, 2011, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa–10-34 (2006), alleging that influenza vaccine administered on October 12, 2009 caused him Guillain-Barré syndrome (GBS).

On March 5, 2012, respondent filed her Rule 4(c) Report, questioning both the onset of petitioner's illness plus whether or not he had GBS. Report at 10. In addition, respondent noted that petitioner had not filed an expert report. Report at 11.

On March 7, 2012, the undersigned issued an Order stating petitioner shall file an expert report by May 7, 2012.

On May 7, 2012, petitioner moved for an extension of time or a suspension of the deadline within which to file an expert report until the factual dispute over whether petitioner had dysphagia or dysphasia on the day he received flu vaccine was clarified.

On May 7, 2012, the undersigned granted petitioner's motion and suspended the deadline for filing an expert report.

On July 23, 2012, petitioner filed a report from his treating doctor that petitioner had difficulty swallowing when he received flu vaccine.

On July 24, 2012, the undersigned issued an Order stating petitioner shall file an expert report by September 24, 2012.

On September 24, 2012, petitioner moved for an extension of time until November 26, 2012 within which to file an expert report.

On September 24, 2012, the undersigned issued an Order granting petitioner's motion and setting a new deadline of November 26, 2012 for petitioner to file an expert report.

On November 26, 2012, petitioner moved for an extension of time until January 26, 2013 within which to file an expert report.

On November 30, 2012, the undersigned issued an Order granting petitioner's motion and setting a new deadline of January 25, 2013 for petitioner to file an expert report.

On January 25, 2013, petitioner moved for an extension of time until March 26, 2013 within which to file an expert report.

On January 29, 2013, the undersigned issued an Order granting petitioner's motion and setting a new deadline of March 26, 2013 for petitioner to file an expert report.

On March 27, 2013, petitioner moved for a decision on the written record, stating: "It does not appear likely that Petitioner will be able to proffer the opinion of a medical expert in support of vaccine causation of the injury alleged, to a level surmounting the preponderance standard required by the Vaccine Act in this case. Given these circumstances, Petitioner elects not to pursue prosecution of the Petition all the way to a formal causation hearing with expert witness testimony." Pet'r's Motion for a Decision.

**DISCUSSION**

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" *i.e.*, "evidence in the form of scientific studies or expert medical testimony[.]"

3

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for the vaccine, he would not have had GBS (if that is what he had), but also that the vaccine was a substantial factor in bringing about his GBS. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Petitioner has not filed any expert report in support of his allegations. The undersigned cannot rule in petitioner's favor based solely on his allegations without supporting medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1).

Petitioner has failed to make a prima facie case of causation in fact. He has designed not to pursue prosecution of this case. This petition is hereby **DISMISSED**.

## CONCLUSION

Petitioner's petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

March 29, 2013                                           s/Laura D. Millman
DATE                                                      Laura D. Millman
                                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.

4